**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | **No. 3:19cv436** |
| **REGINALD ANDREWS,** | : | |
| | : | **(Judge Munley)** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **TOM WOLF, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

## I. Background

Plaintiff, a Pennsylvania state prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. *See* ECF No. 1. Specifically, Plaintiff alleges that his constitutional rights were violated on June 24, 2017, when Correctional Officers Swanger and Swope wrongfully confiscated his property during a cell search, and also when they pulled on his handcuffs causing him to bleed. *Id.* at 3-4. He further claims that they refused to get him medical help after the fact, and falsely filed a misconduct report against him related to the incident. *Id.* at 7. Plaintiff also appears to suggest that Officer Keel was involved in the request for medical assistance, although he includes no allegations detailing his involvement. *Id.* at 8.

Although they were not involved in the wrongs alleged in the Complaint, Plaintiff has sued numerous other defendants including the Governor of Pennsylvania, Tom Wolf, the Secretary of the Department of Corrections, John Wetzel, Grievance Officer Myers, Chief Grievance Officer Dorina Varner, and Grievance Coordinator Hollibaugh. *See id.* at 4. Plaintiff alleges that he has sued Governor Wolf and Secretary Wetzel because after the alleged assault, "Plaintiff submitted missives, affidavits, declarations . . ." to them but that they failed to take "disciplinary action" in response. *Id.* at 6, 8. Plaintiff does not include any factual allegations in the Complaint against the remaining defendants, Myers, Varner or Hollibaugh, other than that they owe him a duty of care. *See id.* at 8-9.

On July 15, 2019, Defendants Governor Wolf, Secretary Wetzel, Grievance Officer Myers, Chief Grievance Officer Dorina Varner, and Grievance Coordinator Hollibaugh (the "Moving Defendants") filed a motion to dismiss the amended complaint for failure to state a claim. *See* ECF Nos. 13 (motion), 14 (brief).[1] The Moving Defendants argue that they had no personal involvement in the alleged wrongs and thus cannot be held liable in an action brought pursuant to § 1983. *See id.* Under this Court's Local

[1] Defendants Swope, Swanger, and Keel did not join in the motion.

Rules, Plaintiff had until August 12, 2019, to file a brief in opposition to that motion. *See* Local Rule 7.6; ECF No. 4 (standing order explaining Local Rule 7.6). Plaintiff failed to filed a brief in opposition. The Court, therefore, issued Plaintiff a notice that (1) advised him that a failure to oppose the motion would result in the Court deeming the motion unopposed pursuant to Local Rule 7.6, (2) directed Plaintiff to file a brief in opposition to the motion within fourteen (14) days from the date of the Court's order, and (3) notified Plaintiff that a failure to comply with the Court's order and to file a brief in opposition to the motion to dismiss would be deemed a failure to prosecute and comply with a court order subjecting his complaint to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *See* ECF No. 15. Despite that order providing Plaintiff with additional time in which to oppose the motion, Plaintiff has failed to file an opposition brief or otherwise communicate with the Court.

## II. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6)

motion to dismiss, the court must accept as true all factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief, requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, *Twombly*, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause

of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion. *See* FED. R. CIV. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

**III. Discussion**

The Local Rules provide that any party who fails to file a brief in opposition to a motion to dismiss "shall be deemed not to oppose such motion." *See* Local Rule 7.6. The U.S. Court of Appeals for the Third Circuit has explained that, "if a party fails to comply with [Local Rule 7.6] after a

specific direction to comply from the court," dismissal may be appropriate without analysis of the underlying motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Here, the Court has issued a specific direction to Plaintiff to file an opposition to the motion to dismiss and explained to Plaintiff that a failure to do so would result in the motion being deemed unopposed. Plaintiff has been put on notice of Local Rule 7.6 both in the Court's prior order as well as the Court's standing practice order, which was sent to Plaintiff at the commencement of his lawsuit. *See* ECF Nos. 4 (standing practice order), 15 (order directing Plaintiff to comply with Local Rule 7.6 and to file an opposition brief). In light of Plaintiff's repeated failures to oppose the motion to dismiss and to comply with Local Rule 7.6 or to otherwise communicate with the Court, it may be that Plaintiff intends not to oppose the motion to dismiss.

Indeed, after reviewing the motion to dismiss, the Court finds good cause for granting it pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to allege a claim upon which relief may be granted as the Moving Defendants were not personally involved in the wrongs alleged by Plaintiff. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held

responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Supervisory liability cannot be imposed under § 1983 by *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Further, participation in the prison grievance process alone is insufficient to trigger § 1983 liability. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006).

Plaintiff makes no allegations of personal involvement sufficient to trigger § 1983 liability against the Moving Defendants, who were either not involved in the alleged wrongs or only responded to a grievance filed by Plaintiff. As such, Plaintiff has failed to state a claim upon which relief may be granted as to the Moving Defendants, who must be dismissed from this lawsuit.

## IV. Conclusion

For the reasons set forth above, the Court will grant the motion to dismiss and dismiss the Moving Defendants from this action. An appropriate order follows.

**BY THE COURT:**

Date: 2/3/2020

**s/James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**